1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEROY A. ANDREOZZI

11            Plaintiff,                  No. CIV S-02-0796 GEB CMK P

12        vs.

13   GRAY DAVIS, et al.,

14            Defendants.        FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff, who is a state prisoner proceeding without counsel and in forma

17   pauperis, brings this action pursuant to 42 U.S.C. § 1983.  This matter was referred to the

18   undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).  Currently

19   before the court is plaintiff's August 17, 2005 motion for a preliminary injunction and plaintiff's

20   September 7, 2005 "Motion for a Temporary Restraining Order–Preliminary Injunction."

21   **I.      Procedural and Factual Background**

22            This action involves allegations that the California Department of Corrections'

23   (CDC) grooming policy violates plaintiff's religious beliefs.  On February 11, 2005, this court

24   entered findings and recommendations on defendants' motion for summary judgment

25   recommending that plaintiff's equal protection and Fourth Amendment claims be dismissed

26   ///

1

1   without prejudice, that plaintiff's First Amendment claim be dismissed and that this action

2   proceed on plaintiff's Religious Land Use and Institutional Persons Act of 2000 (RLUIPA)

3   claim.  The District Court adopted the findings and recommendations in full on March 9, 2005.

4          Plaintiff is a member of the Te-Moak Tribe of the Western Shoshone, and he has

5   been incarcerated in the California state penal system since the mid-1970's.  (Am. Compl. at 2.)

6   Plaintiff is devoted to his Tribe's traditional religious practices and is a practicing Shoshone

7   Ghost Dancer.  (Id.)  One tenant of plaintiff's religious faith teaches that hair may only be cut

8   upon specific conditions or during religious rituals.  (Id.)  In keeping with his religious beliefs,

9   plaintiff maintains his hair long because he believes that cutting his hair would violate the

10  tenants of his spiritual practices.  (Id.)

11         In 1997, the CDC adopted a grooming policy that prohibits male inmates from

12  maintaining their hair longer than three inches.  See 15 Cal. Code Reg. § 3062(e).  Plaintiff

13  received his first disciplinary action for not being in compliance with grooming standards on

14  September 10, 2001.  (Id. at 4.)  Plaintiff received his next disciplinary action for violating

15  grooming standards on September 12, 2001.  (Id.)  This violation resulted in plaintiff losing

16  thirty days of yard, canteen, and quarterly packages.  (Id.)  Plaintiff received subsequent

17  disciplinary violations on September 28, 2001, November 11, 2001 and January 30, 2002.  After

18  pursuing the CDC's appeal process and exhausting all of the available administrative remedies,[1]

19  plaintiff filed this suit in the Untied States District Court on April 17, 2002.

20         On August 17, 2005 plaintiff filed a motion for a preliminary injunction or,

21  alternatively a prison transfer. (Doc. 101.)  In his motion plaintiff stated that he had received

22  another disciplinary action for not being in compliance with CDC grooming policy.  Plaintiff

23  asserted that his most recent grooming disciplinary actions were acts of retaliation by prison

24

25         [1]Plaintiff exhausted all his administrative remedies regarding his RLUIPA claim, which
    following the district court's March 9, 2005 order, is the sole cause of action in plaintiff's
26  complaint.

officials, apparently for filing the instant suit.  For relief, plaintiff sought all relief sought in the instant action and a preliminary injunction for retaliatory action–presumably an order directing prison officials to stop disciplining plaintiff for grooming violations.

A reading of plaintiff's amended complaint suggests that when plaintiff is disciplined for a violation of the grooming regulations, he is placed on "C status." See Am. Compl. at 11, 16.  This status prevents plaintiff from, among other things, making telephone calls to home. Id.  It appears that plaintiff's C status classification is a limited duration punishment, and not an ongoing permanent classification.

On September 7, 2005, plaintiff filed a motion for a temporary restraining order or preliminary injunction, which he indicated was supplemental to his August 17, 2005 filing. (Doc. 102.)  In his motion, plaintiff alleged that defendants have violated his constitutional rights by denying plaintiff a religious exemption to the CDC's grooming policy.  For relief, plaintiff sought "all relief filed August 17, 2005," which presumably was an order directing the CDC to stop disciplining plaintiff for grooming violations.

On January 12, 2006, the court notified defendants that a response to plaintiff's motions for injunctive relief was due within twenty-one days.  On January 27, 2006, defendants filed their opposition to plaintiff's motion for injunctive relief.  Plaintiff's response was due seven days after defendants' response.  To date, plaintiff has not filed a response.

**II.   Standard of Review**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of

3

1  irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the

2  test, however, the moving party must demonstrate that there exists a significant threat of

3  irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm,

4  the court need not reach the issue of likelihood of success on the merits.  See id.  A claim for

5  injunctive relief is moot if "it is absolutely clear that the allegedly wrongful behavior could not

6  reasonably be expected to occur."  Friends of the Earth, Inc. v. Laidlaw Environmental Services,

7  528 U.S. 167, 190 (2000).

8  **III.   Discussion**

9          Defendants oppose plaintiff's request for injunctive relief on the grounds that

10  plaintiff's claim for injunctive relief is moot because of changes to the California Code of

11  Regulations concerning inmate hair length.  Plaintiff's complaint is based on allegations that

12  defendants are burdening his religious beliefs by enforcing grooming standards requiring all

13  inmates to have short hair.  Plaintiff's motion for injunctive relief seeks to prevent prison

14  officials from disciplining him for violating these grooming standards.  Effective January 17,

15  2006, however, the Office of Administrative Law filed emergency changes to the grooming

16  standards with the Secretary of State.  See Cal. Code Regs tit. 15, § 3000-3210.  The modified

17  regulations permit inmates to wear their hair any length and to wear beards as specified.  See id.;

18  Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot for Prelim. Inj., Ex. A.  If hair is long, it must be

19  worn in a neat, plain style, such as braids or cornrows.  See Cal. Code Regs tit. 15, §§ 3062(e)

20  and 3062(g).

21          As emergency provisions, the new regulations are subject to a 160 day waiting

22  period for public comment before they are considered final.  See Defs.' Mot. to Dismiss and

23  Opp'n to Pl.'s Mot for Prelim. Inj., Ex. A.  However, the regulations, as proposed, are those now

24  being applied at state prisons.  Id.  Former restrictions with respect to hair and beards are no

25  longer in effect.  Id.

26          Under the modified grooming regulations, which are in effect at all state prisons,

4

1  it is clear that plaintiff cannot be disciplined for maintaining long hair in accordance with his

2  religious beliefs.   Accordingly, the injury alleged in plaintiff's motions for injunctive relief

3  cannot reasonably be expected to occur, and plaintiff's claim for injunctive relief is moot.

4  See Friends of the Earth, Inc., 528 U.S. at 190.

5  **IV.    Conclusion**

6          Based on the foregoing, IT IS RECOMMENDED THAT plaintiff's motions for

7  injunctive relief (docs. 101 and 102) be denied as moot.

8          These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10  days after being served with these findings and recommendations, plaintiff may file written

11  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

12  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

13  specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951

14  F.2d 1153 (9th Cir. 1991).

15

16  DATED:   February 7, 2006.

17

18                                          _____
                                            **CRAIG M. KELLISON**

19                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26