IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY A. ANDREOZZI,

    Plaintiff,

vs.

GRAY DAVIS, et al.,

    Defendants.
_____/

No. CIV S-02-0796 GEB CMK P

FINDINGS & RECOMMENDATIONS

    Plaintiff, who is a state prisoner proceeding without counsel and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is defendants' motion to dismiss plaintiff's complaint on that grounds that it is now moot.

**I.    Background**

    Plaintiff, a Te-Moak of the Western Shoshone Tribe, brings this suit challenging the Department of Corrections' (CDC) enforcement of the 1997 grooming standards, which require inmates to maintain short hair. Plaintiff is devoted to his Tribe's traditional religious practices and is a practicing Shonshone Ghost Dancer. One tenant of plaintiff's religious faith teaches that hair may only be cut upon specific conditions or during religious rituals. Plaintiff

1

contends that being made to cut his hair burdens his religious beliefs.  The sole claim in this action is plaintiff's injunctive relief claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5 (2002).[1]

A reading of plaintiff's amended complaint suggests that when plaintiff is disciplined for a violation of the grooming regulations, he is placed on "C status." (Am. Compl. at 11, 16.)  This status prevents plaintiff from, among other things, making telephone calls home.  (Id.)  It appears that plaintiff's C status classification is a limited duration punishment, and not an ongoing permanent classification.

## II.   Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See

---

[1] On February 11, 2005, this court entered findings and recommendations on defendants' motion for summary judgment recommending that plaintiff's equal protection and Fourth Amendment claims be dismissed without prejudice, that plaintiff's First Amendment claim be dismissed and that this action proceed on plaintiff's Religious Land Use and Institutional Persons Act of 2000 (RLUIPA) claim.  The District Court adopted the findings and recommendations in full on March 9, 2005.

1  Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th
2  Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or
3  attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;
4  (2) documents whose authenticity is not in question, and upon which the complaint necessarily
5  lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,
6  688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,
7  see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson
8  v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).
9        Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is
10 absolutely clear that no amendment can cure the defects."  See Lucas v. Dep't of Corrections, 66
11 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th
12 Cir. 2000) (en banc).

13 **III.   Discussion**

14       Defendants move to dismiss this action on the basis that plaintiff's injunctive
15 relief claim under RLUIPA is moot.  A case is moot "when the issues presented are no longer
16 'live' or the parties lack a legally cognizable interest in the outcome."  Clark v. City of
17 Lakewood, 259 F.3d 996, 1011 (9th Cir. 2001).  "Past exposure to illegal conduct does not in
18 itself show a present case or controversy."  The case-or-controversy for Article III standing
19 requires that the parties must continue to have a personal stake in the outcome of the lawsuit.
20 See Preiser v. Newkirk, 422 U.S. 395, 401 (1975).
21       In support of their motion, defendants state that, effective January 17, 2006, the
22 Office of Administrative Law filed emergency changes to the prison grooming standards with
23 the Secretary of State.  See Cal. Code Regs tit. 15, § 3000-3210.  These standards replaced the
24 former 1997 grooming standards, which required male inmates to keep their hair short.  (Defs.'
25 Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Inj., Ex. A).  Under the modified grooming
26 regulations, inmates are permitted to wear their hair long and to wear beards as specified.

See Cal. Code Regs tit. 15, § 3062(e); (Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Inj., Ex. A).   Braids and cornrows are permissible. See Cal. Code Regs tit. 15, § 3062(g).  As an emergency provision, the modified regulations are subject to a 160 period of public comment before being considered final. (Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Inj., Ex. A). However, the regulations are now being applied at California State Prisons. See id.  Former restrictions on hair length are no longer in effect.  See id.

In the instant case, plaintiff is seeking injunctive relief under RLUIPA solely as to prison policies which, as of January 17, 2006, were drastically modified and no longer restrict inmate hair length. See Cal. Code Regs tit. 15, § 3000-3210.  Plaintiff's claim does not fall into the category of cases that are "capable of repetition, yet evading review."  See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995).  In Dilley, the Ninth Circuit held that "[t]his exception to the mootness doctrine applies when (1) the challenged action is too short in duration to be fully litigated prior to its expiration and (2) there is a reasonable expectation that the injury will occur again." Id.  Here, however, the challenged grooming regulations were in effect for approximately nine years–and quite possible changed due to litigation similar to the instant action, and there is no reasonable expectation that prison officials will, in light of the new regulations, discipline plaintiff for wearing his hair long in accordance with his religious beliefs.  Accordingly, the undersigned finds that, in light of the new grooming regulations, there no longer exists a live controversy requiring judicial intervention.

**IV.    Conclusion**

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss be granted; and

2. Plaintiff's complaint be dismissed as moot.

///

///

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2006.

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE