IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY A. ANDREOZZI,

    Plaintiff,

vs.

GRAY DAVIS, et al.,

    Defendants.

No. CIV S-02-0796 GEB CMK P

FINDINGS & RECOMMENDATIONS

/

    Plaintiff, who is a state prisoner proceeding without counsel and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He alleges that the California Department of Corrections' grooming policy unduly burdens his religious beliefs. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).

    On February 9, 2006, the court filed findings and recommendations recommending that plaintiff's motions for injunctive relief be denied as moot. Plaintiff filed objections to the findings and recommendations on February 17, 2006, directing the court's attention to his February 8, 2006 reply to defendants' opposition to his motion for a preliminary injunction.

///

"[S]trict time limits...ought not to be insisted upon where restraints resulting from a pro se prisoner's incarceration prevent timely compliance with court deadlines." Eldridge v. Block, 832 F.2nd 1132, 1136 (9th Cir. 1987). Accordingly, the court vacates its February 9, 2006 (doc. 110) findings and recommendations and issues the following findings and recommendations, which take plaintiff's February 8, 2006 reply into consideration.

**I.    Background to Plaintiff's Claims**

Plaintiff, a Te-Moak of the Western Shoshone Tribe, brings this suit challenging the Department of Corrections' (CDC) enforcement of the 1997 grooming standards, which require inmates to maintain short hair. Plaintiff is devoted to his Tribe's traditional religious practices and is a practicing Shonshone Ghost Dancer. One tenant of plaintiff's religious faith teaches that hair may only be cut upon specific conditions or during religious rituals. Plaintiff contends that being made to cut his hair burdens his religious beliefs. The sole claim in this action is plaintiff's injunctive relief claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5 (2002).[1]

A reading of plaintiff's amended complaint suggests that when plaintiff is disciplined for a violation of the grooming regulations, he is placed on "C status." (Am. Compl. at 11, 16.) This status prevents plaintiff from, among other things, making telephone calls home. (Id.) It appears that plaintiff's C status classification is a limited duration punishment, and not an ongoing permanent classification. On September 7, 2005, plaintiff filed a motion for a temporary restraining order or preliminary injunction, which he indicated was supplemental to his August 17, 2005 filing. (Doc. 102.) In his motion, plaintiff alleged that defendants had violated his constitutional rights by denying plaintiff a religious exemption to the CDC's

---

[1] On February 11, 2005, this court entered findings and recommendations on defendants' motion for summary judgment recommending that plaintiff's equal protection and Fourth Amendment claims be dismissed without prejudice, that plaintiff's First Amendment claim be dismissed and that this action proceed on plaintiff's Religious Land Use and Institutional Persons Act of 2000 (RLUIPA) claim. The District Court adopted the findings and recommendations in full on March 9, 2005.

grooming policy.  For relief, plaintiff sought "all relief filed August 17, 2005," which presumably was an order directing the CDC to stop disciplining plaintiff for grooming violations.

On January 12, 2006, the court notified defendants that a response to plaintiff's motions for injunctive relief was due within twenty-one days.  On January 27, 2006, defendants filed their opposition to plaintiff's motion for injunctive relief.  Plaintiff's response was due seven days after defendants' response.  Plaintiff filed a response on February 8, 2006.  In his reply to defendants' opposition to his motion for injunctive relief, plaintiff states that "the classification committee will 'not' take the plaintiff off of C-Status 'now' unless this court orders [a] preliminary injunction and orders the removal of all grooming standards." (Pl.'s February 8, 2006 Reply at 3:4-9.)

**II.     Standard of Review**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  See id.  A claim for injunctive relief is moot if "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur."  Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 190 (2000).

### III. Discussion

Defendants oppose plaintiff's request for injunctive relief on the grounds that plaintiff's claim for injunctive relief is moot because of changes to the California Code of Regulations concerning inmate hair length. Plaintiff's complaint is based on allegations that defendants are burdening his religious beliefs by enforcing grooming standards requiring all inmates to have short hair. Plaintiff's motion for injunctive relief seeks to prevent prison officials from disciplining him for violating these grooming standards. Effective January 17, 2006, the Office of Administrative Law filed emergency changes to the grooming standards with the Secretary of State. See Cal. Code Regs tit. 15, § 3000-3210. The modified regulations permit inmates to wear their hair any length and to wear beards as specified. See id.; Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot for Prelim. Inj., Ex. A. If hair is long, it must be worn in a neat, plain style, such as braids or cornrows. See Cal. Code Regs tit. 15, §§ 3062(e) and 3062(g).

As emergency provision, the new regulations are subject to a 160 day waiting period of public comment before they are considered final. See Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot for Prelim. Inj., Ex. A. However, the regulations, as now constituted by law and the California Code of Regulations, are those being applied at state prisons. Id. Former restrictions with respect to hair and beards are no longer in effect. Id.

The court notes that in his February 8, 2006 reply, plaintiff states that he will not be taken off C-Status unless this court orders injunctive relief removing the grooming standards. However, under the modified grooming regulations, which are in effect at all state prisons, it is clear that plaintiff's cannot be disciplined for maintaining long hair in accordance with his religious beliefs. The court finds that the injury alleged in plaintiff's motions for injunctive relief cannot reasonably be expected to occur, and plaintiff's claim for injunctive relief is moot. See Friends of the Earth, Inc., 528 U.S. at 190.

///

**IV.     Conclusion**

IT IS ORDERED that the findings and recommendations filed February 9, 2006 (**doc. 110**) are vacated.

IT IS RECOMMENDED that plaintiff's motions for injunctive relief (doc. 101 and 102) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   February 28, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE